**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| SUKHJEET SINGH, | No.    14-73577 |
| Petitioner, | Agency No. A205-332-174 |
| v. | |
| JEFFERSON B. SESSIONS III, Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted November 13, 2017[**]
San Francisco, California

Before:  BERZON and FRIEDLAND, Circuit Judges, and SESSIONS, District Judge.[***]

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

[***]      The Honorable William K. Sessions III, United States District Judge for the District of Vermont, sitting by designation.

Sukhjeet Singh petitions for review of the Board of Immigration Appeals'
("BIA") denial of his applications for asylum, withholding of removal, and relief
under the Convention Against Torture ("CAT"). Singh also appeals the BIA's
denial of his motion to remand the proceedings to the Immigration Judge ("IJ").

1. The IJ found Sukhjeet Singh not credible, and the BIA upheld that
determination. The BIA's credibility determination is supported by substantial
evidence.

The BIA relied primarily on two inconsistencies or omissions that, in light of
"the totality of the circumstances," bear on Singh's credibility. 8 U.S.C. §
1158(b)(1)(B)(iii); *see Ren v. Holder*, 648 F.3d 1079, 1084 (9th Cir. 2011). First,
neither the affidavit from Singh's mother, Gian Kaur, nor the affidavit from the
village official, Avtar Singh, acknowledged the death of Singh's father. That
omission is significant, as Singh's claim to political persecution relied principally
on his father and brother's membership in the Akali Dal Mann party, and Singh
alleges his father died as a result of injuries caused by the police.

Second, the doctor's letter describing Singh's condition after he was arrested
and held by police omits any mention of the most severe injuries that Singh claims
to have suffered. Singh alleged that he was "severely beaten" and "tortured" by
four policemen who pulled his legs apart and rolled a roller on his thighs to the

point that he "could not bear the pain and . . . became unconscious." He further alleged that, when he was admitted to the hospital, he had blood in his urine and was unable "to carry the weight" of his body. But the doctor's letter makes no mention of physical signs of beating, difficulty walking, or blood in urine, and states only that he "was suffering from Fever and bomiting [sic] and dihydretion [sic]." When asked about these inconsistencies, Singh failed to provide any adequate explanation.

These inconsistencies and omissions were not "minor," *de Leon-Barrios v. INS*, 116 F.3d 391, 393 (9th Cir. 1997), or "trivial," *Shrestha v. Holder*, 590 F.3d 1034, 1043–44 (9th Cir. 2010). The BIA was entitled to rely on these inconsistencies to uphold the adverse credibility determination, and therefore to conclude that Singh is not eligible for asylum or withholding of removal.

2. Substantial evidence also supports the BIA's determination that Singh is not eligible for relief under CAT. Singh bears the burden of establishing that he would "more likely than not" be tortured by or with the acquiescence of the government if he returns to India. 8 C.F.R. § 1208.16(c)(2), 1208.17(a); *see also* 8 C.F.R. § 1208.18(a)(1). Singh is not required to demonstrate that relocation elsewhere in India, outside Punjab, is impossible. *See Maldonado v. Lynch*, 786 F.3d 1155, 1164 (9th Cir. 2015). Rather, in deciding whether Singh has satisfied

3

his burden of demonstrating a likelihood of torture if removed, the agency "must consider all relevant evidence, including but not limited to the possibility of relocation within the country of removal." *Id*.

Because Singh's testimony was found not credible, eligibility for CAT protection would have to be based exclusively on the country reports. Based on those reports, there is no reason to believe that Singh could not relocate to another region in India, where he would not likely face persecution.

3. The BIA did not abuse its discretion in denying Singh's request to remand to the IJ for reconsideration based upon the submission of his father's death certificate. The IJ based its adverse credibility determination on the inconsistencies and omissions in Singh's testimony, as well as on the absence of various pieces of corroborating evidence; the IJ specifically stated that "with or without a death certificate, the death of a father would certainly be a significant factor" that one would expect to see mentioned in the Singh's mother's affidavit. As the death certificate is insufficient to establish prima facie eligibility for relief, the BIA did not err in denying the request for remand.

**PETITION FOR REVIEW DENIED.**